G. Alexander BOXILL, Plaintiff–Appellant,

v.

BROOKLYN COLLEGE, CITY UNIVERSITY OF NEW YORK, Vernon Lattin, in his capacity as President of Brooklyn College, City University of New York, Joan Rome, in her capacity as Director of Personnel at Brooklyn College, City University of New York, Denise Flanagan, in her capacity as Assistant Director of Personnel at Brooklyn College, City University of New York, Pamela Pollack, in her capacity as an attorney employed by Brooklyn College, City University of New York, Robert Jefferson, in his capacity as the Assistant Dean of Students at Brooklyn College, City University of New York, Linda Low, as agent of Brooklyn College, City University of New York, Defendants–Appellees.

Docket No. 01–9164.

United States Court of Appeals, Second Circuit.

Dec. 17, 2004.

---

1. The Court previously granted a motion of the defendants-appellees for relief from their obligations to file an opposition brief and to attend oral argument.

Ambrose W. Wotorson, Brooklyn, NY, for Plaintiff–Appellant.

David Lawrence III, Assistant Solicitor General, State of New York (Eliot Spitzer, Attorney General of the State of New York, Michael S. Belohlavek, Deputy Solicitor General, State of New York, on the brief), New York, NY, for Defendants–Appellees.

PRESENT: STRAUB, RAGGI, Circuit Judges.*

**SUMMARY ORDER**

Plaintiff–Appellant G. Alexander Boxill ("Appellant") appeals from the judgment by the District Court (David G. Trager, *Judge* ) dated September 20, 2001 that granted Defendants–Appellees' motion for summary judgment on Appellant's Title VII and Rehabilitation Act claims. Appellant has raised only his Title VII claim on appeal.

For the reasons stated by the District Court, Appellant's Title VII claim was properly time-barred and did not fall within the "continuing violation" exception. Under Title VII, each discrete act of discrimination "constitutes a separate actionable 'unlawful employment practice,' " and a plaintiff "can only file a charge to cover discrete acts that 'occurred' within the appropriate time period." *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 114, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); *accord Patterson v. County of Oneida,* 375 F.3d 206, 220 (2d Cir.2004) ("[Title VII] 'precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period,' even if other acts of discrimination occurred within the statutory time period.") (*quoting Nat'l R.R. Passenger Corp.,* 536 U.S. at 105, 122 S.Ct. 2061). Under the "continuing violation" doctrine, however, " 'if a plaintiff has experienced a continuous practice and policy of discrimination, ... the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it.' " *Washington v. County of Rockland,* 373 F.3d 310, 317–18 (2d Cir.2004) (*quoting Fitzgerald v. Henderson,* 251 F.3d 345, 359 (2d Cir.2001) (internal quotations and citations omitted)); *see also Elmenayer v. ABF Freight Sys.,* 318 F.3d 130, 134 (2d Cir.2003). In this case, Appellant presents evidence of specific events but provides no evidence of an underlying discriminatory policy or program by Defendants–Appellees. *See Lambert v. Genesee Hosp.,* 10 F.3d 46, 53 (2d Cir.1993), *cert. denied,* 511 U.S. 1052, 114 S.Ct. 1612, 128 L.Ed.2d 339 (1994).

To the extent that Appellant's March 9, 1995 resignation, within 300 days of his October 24, 1995 EEOC filing, might be viewed as a timely discrete claim of discrimination, the possibility need not long detain us, because in any event, we also agree with the District Court's alternative determination that Appellant failed to establish a prima facie case of discrimination. *See Abdu–Brisson v. Delta Air Lines, Inc.,* 239 F.3d 456, 467 (2d Cir.2001) (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)).

We have considered all of Appellant's arguments and consider them to be with-

---

* Because The Honorable Wilfred Feinberg, originally a member of the panel, recused himself from consideration of the appeal, this case was decided by a two-judge panel. *See Murray v. NBC,* 35 F.3d 45 (2d Cir.1994); 2d Cir. R. 0.14(b).

out merit. We therefore **AFFIRM** the judgment of the District Court.